**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOANN BARTLETT, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>HORIZON BLUE CROSS BLUE SHIELD, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 11-6504 (MLC)<br><br>**MEMORANDUM OPINION** |

**COOPER, District Judge**

The plaintiffs, Joann Bartlett, Jacqueline D. Bartlett, Jessica Bartlett, Ashley Bartlett, Kassandra Bartlett, Brian M. Bartlett, and Brian C. Bartlett (collectively, "the Bartletts") originally brought the action against the defendants, Horizon Blue Cross Blue Shield ("Horizon BCBS"), Horizon, and the fictitious defendant ABC-XYZ Corp., in the Superior Court of New Jersey. (See dkt. entry no. 1, Ex. A to Notice of Removal, Compl; dkt. entry no. 1, Ex. B to Notice of Removal, Am. Compl.)  The Bartletts, in the Amended Complaint, raise three counts against the defendants. (See Am. Compl. at 1-3.)  The first count ("First Count") relates to the Bartletts' medical insurance policy ("the Policy"), which was issued by Horizon BCBS, and the defendants' alleged failure to properly provide payments pursuant to the Policy. (See id. at First Count.)  The second count ("Second Count") and third count

("Third Count") relate to the defendants' allegedly fraudulent acts, insofar as the defendants induced the Bartletts to purchase the Policy and rely on the defendants to make payments thereunder. (See id. at Second Count, Third Count.)

The one true defendant, Horizon BCBS, removed the action to this Court.  (See dkt. entry no. 1, Notice of Removal.)[1]  Horizon BCBS averred in support of the removal that:

> This action was brought against Horizon [BCBS] by Plaintiffs [the Bartletts], to recover benefits under an employee health benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). . . . Plaintiffs' claim for benefits, as a matter of federal law, is governed by the terms and conditions of ERISA and therefore falls within the ambit of this Court's original federal question jurisdiction.

(Notice of Removal at ¶¶ 1, 13 (citation omitted).)  The Bartletts contested neither the removal of the action generally nor Horizon BCBS's averments concerning the applicability of ERISA.  It in fact appears that the Bartletts agree that the action is governed by ERISA.  (See, e.g., dkt. entry no. 18-1, Barletts' Statement of Facts at 2 ("Plaintiff [sic] agrees. . . that . . . [t]he Plaintiffs all received health benefits through . . . a small group health benefit plan governed by ERISA . . . .").)

---

[1] The Court thereafter dismissed Horizon from the action. (See dkt. entry no. 15, 1-24-13 Order at 3 n.1, 4.)

Horizon BCBS now moves for summary judgment in its favor and against the Bartletts on the First Count, Second Count, and Third Count.  (See dkt. entry no. 16-2, Notice of Horizon BCBS Mot.; dkt. entry no. 16, Horizon BCBS Br.)  Horizon BCBS argues that it is entitled to summary judgment on the First Count as a matter of New Jersey contract law.  (See Horizon BCBS Br. at 9-10.)  It argues that both the Second Count and Third Count are preempted by ERISA.  (See id. at 10-12.)  It also seeks a discretionary award of its attorney's fees and costs.  (See id. at 12-13.)

The Bartletts oppose the Motion and cross-move for summary judgment in their favor and against Horizon BCBS on the First Count.  (See dkt. entry no. 18, Notice of Cross Mot.; dkt. entry no. 18-1, Br. in Opp'n to Mot. & Supp. of Cross Mot. ("Opp'n Br.").)  The Bartletts argue that resolution of both the Motion and Cross Motion, insofar as each concerns the First Count, turns on the application of the doctrine of equitable estoppel.  (See Opp'n Br. at 13-18.)  The Bartletts, like Horizon BCBS, also seek a discretionary award of attorney's fees and costs.  (See id. at 19.)

The Court has thoroughly reviewed the parties' submissions, and is now prepared to resolve both the Motion and Cross Motion without oral argument.  See L.Civ.R. 78.1(b).  The Court intends to: (1) deny the Motion without prejudice insofar as it concerns the First Count; (2) grant the Motion insofar as it concerns the

Second Count and Third Count; (3) deny the Cross Motion without prejudice insofar as it concerns the First Count; (4) instruct the Clerk of the Court to terminate the action insofar as it is brought against ABC-XYZ Corp.; and (5) instruct both Horizon BCBS and the Bartletts to hold their respective requests for attorney's fees and costs in abeyance until the Court resolves all substantive matters in the action.

## THE FIRST COUNT

Both Horizon BCBS and the Bartletts have recited the standard that generally applies to motions to summary judgment, pursuant to Federal Rule of Civil Procedure 56.  (See Horizon BCBS Br. at 9; Opp'n Br. at 13; dkt. entry no. 20, Horizon BCBS Reply Br. at 7.) But neither BCBS nor the Bartletts have recognized that the First Count, which is a claim for benefits within the meaning of Section 502(a) of ERISA, is also governed by a claim-specific standard. "In ERISA cases, the standard for summary judgment must also be viewed in conjunction with the standard of review of administrative actions under the ERISA guidelines." Diagnostic Med. Assocs., M.D., P.C. v. Guardian Life Ins. Co. of Am., 157 F.Supp.2d 292, 297 (S.D.N.Y. 2001).  There are two such ERISA-specific standards.

> In [Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1988)], the United States Supreme Court held that ERISA claims based on a denial of benefits by a fiduciary under § 1132(a)(1)(B) are to be reviewed under a default de novo standard.  Under de novo review, the ERISA plan would be interpreted in light of standard

4

> contract jurisprudence, and according to the rule of <u>contra</u> <u>preferentum</u>, that is, when one party in a dispute was responsible for drafting the contract at issue (presumably the stronger party), all ambiguities in the contract are resolved against the drafting party.
> However, if an ERISA plan insurer or administrator can establish that "the benefit plan gives the administration or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," then a court reviewing a denial of benefits to a policyholder must apply the much more deferential "arbitrary and capricious" standard of review. Under the arbitrary and capricious standard of review, the rule of <u>contra</u> <u>preferentum</u> is inapplicable.

<u>Id.</u> (citations omitted); <u>see also</u> <u>Firestone</u>, 489 U.S. at 109, 115.

The application of the correct standard of review may control the resolution of the First Count. Accordingly, the parties' failure to either discuss or establish which of these standards applies here -- the <u>de novo</u> standard or the arbitrary and capricious standard -- warrants the denial without prejudice of both the Motion and Cross Motion. <u>See, e.g.</u>, <u>Killian v. Concert Health Plan</u>, 651 F.Supp.2d 770, 777 (N.D. Ill. 2009) (denying motion for summary judgment where parties failed to present or highlight "the pertinent materials," thus precluding the court from "determin[ing] the appropriate standard of review for [the plaintiff's] benefits claim").

The Court is mindful that the Policy may provide guidance, insofar as it may explicitly grant Horizon BCBS discretionary authority to render decisions concerning the benefits here at

5

issue. Nevertheless, the Court will neither comb the record on the parties' behalf nor present arguments that the parties should craft for themselves. See DeShields v. Int'l Resort Props. Ltd., 463 Fed.Appx. 117, 120 (3d Cir. 2012) ("If factual support for [a] claim existed in the record, it was incumbent upon [the parties] to direct the District Court's attention to those facts. . . . [J]udges are not like pigs, hunting for truffles buried in briefs."); Perkins v. City of Elizabeth, 412 Fed.Appx. 554, 555 (3d Cir. 2011) ("[A] court is not obligated to scour the record to find evidence that will support a party's claims. . . . Courts cannot become advocates for a party by doing for that party what the party ought to have done for him or herself.")

## THE SECOND COUNT & THIRD COUNT

The Bartletts, who are represented by counsel, have chosen not to raise any argument concerning preemption of the Second Count and Third Count. (See generally Opp'n Br.) Indeed, they appear to agree that ERISA governs the Policy and, thus, controls the action. (See Barletts' Statement of Facts at 2 ("Plaintiff [sic] agrees. . . that . . . [t]he Plaintiffs all received health benefits through . . . a small group health benefit plan governed by ERISA . . . ."); see also Opp'n Br. at 19 (relying on ERISA as basis for request for an award of attorney's fees and costs).) The Court

6

thus deems the Bartletts to support the entry of judgment on those counts in favor of Horizon BCBS.

### THE TERMINATION OF THE FICTITIOUS DEFENDANT ABC-XYZ CORP.

The parties were instructed to complete all discovery in the action by July 16, 2012.  (See dkt. entry no. 6, 3-15-12 Pretrial Scheduling Order).  Thus, the time to conduct discovery lapsed approximately eleven months ago.

"The case law is clear that fictitious defendants must eventually be dismissed, if discovery yields no identities." Hindes v. FDIC, 137 F.3d 148, 155 (3d Cir. 1998) (citation omitted) (internal quotation marks omitted); see also Sheetz v. Morning Call, Inc., 747 F.Supp. 1515, 1534-35 (E.D. Pa. 1990), aff'd on other grounds, 946 F.2d 202 (3d Cir. 1991).  Because the Bartletts have failed to name the fictitious defendant that was included in the caption of the Amended Complaint, i.e., ABC-XYZ Corp., the Court will dismiss that defendant from the action.

### REQUESTS FOR ATTORNEY'S FEES & COSTS

The parties each correctly note that the Court has discretion to award attorney's fees and costs to either party in an ERISA action.  (See Horizon BCBS Br. at 12-13 (citing 29 U.S.C. § 1132(g) and McPherson v. Emps.' Pension Plan of Am Re-Ins. Co., 33 F.3d 253 (3d Cir. 1994)); Opp'n Br. at 19 (same).)  Neither Horizon BCBS nor the Bartletts recognize, however, that the Court may only award

attorney's fees and costs to the prevailing party.  See McPherson, 33 F.3d at 254.

No party has yet been established as a prevailing party. Furthermore, a motion for attorney's fees and costs is entirely separate from, and subject to a different standard of review than, a motion for summary judgment.  The Court thus instructs the parties to hold their respective requests for attorney's fees and costs in abeyance, at least until the Court resolves any newly-filed motions for summary judgment.

## CONCLUSION

The Court, when reviewing the parties' respective briefs, noted that the value of the action, exclusive of attorney's fees and costs, is less than $5,000.  The parties may, of course, move anew for summary judgment pursuant to the instructions provided above.  But the parties may, alternatively, seek the assistance of the Magistrate Judge in resolving this dispute without the need for further briefing, which may save the parties substantial time, effort, and cost.

The Court will enter a separate order and judgment.

        s/ Mary L. Cooper
    **MARY L. COOPER**
    United States District Judge

Date:     June 4, 2013